563 A.2d 606

**Donald B. McCOY, Esquire, Hal Saxton, Jim McCullen, David Hite, Teresa Bradley, and Carl Cini, Appellants,**

**v.**

**Edna M. ROTH, Appellee.**

Commonwealth Court of Pennsylvania.

Argued June 9, 1989.

Decided Aug. 31, 1989.

Reargument Denied Nov. 9, 1989.

Lawrence E. Brinkmann and John M. McClure, Doylestown, for appellants.

William J. Carlin, Begley, Carlin & Mandio, Langhorne, for appellee.

Before COLINS and PALLADINO, JJ., and BARBIERI, Senior Judge.

COLINS, Judge.

Donald McCoy, Esquire (McCoy), formerly Solicitor of Bristol Township, appeals an order of the Court of Common Pleas of Bucks County dated January 24, 1989 by which the trial court decreed that the township executive has the power to discretionarily fire the township solicitor under the ordinances of Bristol Township and under the Constitution and statutes of Pennsylvania. The trial court further decreed that Bristol Township executive, Edna Roth (Roth) had lawfully fired McCoy in the instant matter leaving a vacancy in that office effective February 1, 1989 and directed Roth to nominate and appoint a successor solicitor with the advice and consent of the Bristol Township Council (Council). We affirm.

Shortly after taking office as the township executive in January of 1986, Roth appointed McCoy as the township solicitor. The Council, by resolution dated January 6, 1986, approved the appointment of McCoy. Subsequently, Roth allegedly became unhappy with their deteriorating work relationship and the legal advice McCoy provided the township. By letter dated January 14, 1987, Roth terminated McCoy's employment. A majority of the Council did not believe that Roth had the authority to fire McCoy without

their approval and blocked the appointment of a successor solicitor. McCoy ignored the termination notice and continued to serve in his capacity as solicitor and to submit bills for his legal services. As of June 1987, Roth has refused to sign any township checks in payment for McCoy's services.

A number of lawsuits were filed against Roth designed to have McCoy's bills paid. However, she continued to refuse payment. On May 28, 1987, Roth filed an equitable action in the form of a writ of quo warranto seeking to oust McCoy. In addition, she sought a declaratory judgment of her individual right, as chief executive officer, to fire McCoy. Also named as defendants were each of the five members of the Council.

The trial court declared the action in quo warranto as improper[1] and denied Roth's declaratory judgment which, in effect, denied her request for judgment of ouster.

McCoy filed preliminary objections to the complaint and thereafter, Roth filed an amended complaint to which McCoy filed preliminary objections. After Roth filed an answer to McCoy's preliminary objections to the amended complaint, she also filed a motion for a preliminary injunction. The trial court denied the preliminary injunction, overruled McCoy's preliminary objections and directed the parties to be prepared to proceed with a trial on the merits.

Following a trial on February 29, 1988, the trial court granted McCoy's motion to dismiss the complaint and entered a decree nisi, holding that the township solicitor is immune from discretionary firing by the executive. Both parties filed post-trial motions. Briefs were later submitted by both sides and on September 30, 1988, the case was reargued before the trial court. Supplemental briefs were requested by the trial court and subsequently submitted.

1. The remedy of quo warranto is available to the state, in its sovereign capacity, to protect the interests of the public and acts to prevent a continuing exercise of an authority unlawfully asserted.

On January 24, 1989, the trial court entered an opinion and final decree, reversing its earlier decree nisi. The final decree held that the executive has the power to discretionarily fire the solicitor; that she had lawfully done so in this instance and therefore the solicitor's office would be vacant effective February 1, 1989. The decree directed the executive to nominate and appoint a successor with the advice and consent of Council.

On January 26, 1989, McCoy moved the trial court to reconsider its decree, remand for a hearing to receive additional evidence or stay the execution of the decree pending an appeal. The trial court refused all relief requested. Hence, McCoy's appeal to this Court.[2]

■ McCoy first argues that the trial court erred in refusing to remand this matter to allow him to present evidence.[3] This Court is unable to ascertain the exact nature of the evidence McCoy seeks to present. However, the central issue presented of whether Roth had the power to unilaterally fire McCoy without the consent of Council is purely a legal question. Therefore, we need not remand for the presentation of such evidence because it is not necessary to our resolution of this matter.

■ McCoy next argues that Section 524(c) of the Home Rule Charter and Optional Plans Law (Law)[4] is

**2.** Additionally, McCoy petitioned this Court for supersedeas of the trial court's decree, which was granted.

**3.** Following Roth's presentation of her case and cross examination by McCoy, McCoy made a motion for dismissal in the nature of a nonsuit, asserting that Roth had failed to establish a right to relief. The judge then indicated that he would enter a decree nisi from the bench. McCoy stated that he had evidence to present in the event that the motion was denied. The judge granted the motion, stating that it was not necessary to present any further evidence at that time. McCoy neither raised this issue in his post-trial motions nor in the briefs filed in support thereof.

**4.** Act of April 13, 1972, P.L. 184, 53 P.S. § 1–524(c). This section states in pertinent part:
Each municipality *shall* ... have a solicitor.... [T]he solicitor *shall* serve ... until the appointment and qualification of his successor.... (Emphasis added.)

mandatory. Therefore, he argues the trial court erred in declaring the position of solicitor vacant as of February 1, 1989, when no successor solicitor had been appointed and qualified. McCoy asserts that this is in direct violation of Section 524(c) of the Law.

The word "shall", although usually mandatory when used in a statute, may be directory or permissive depending on the legislative intent. *See* Section 1921 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1921; *Tyler v. King*, 344 Pa.Superior Ct. 78, 496 A.2d 16 (1985). In construing the language of the statute, there is a presumption that the drafters did not intend a result that is absurd or unreasonable. Section 1922 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1922. We conclude that McCoy's argument must fail since it is inconceivable that the drafters of Section 524(c) of the Law would have intended such an unreasonable result as McCoy suggests. Had the drafters intended that the solicitorship *never* be vacant, they could have included a provision designating an alternate solicitor to immediately fill any vacancy.

■ Lastly, McCoy argues that the trial court erred in concluding that the executive has the power to unilaterally remove the solicitor without the concurrence of Council. This issue, which is at the heart of the instant matter, has been very ably and thoroughly addressed by Judge Bortner in his well-reasoned opinion, which this Court adopts.

The order of the trial court is affirmed.

## ORDER

AND NOW, this 31st day of August, 1989, the order of the Court of Common Pleas of Bucks County in the above-captioned matter is affirmed.